828 F.2d 68
 MAINE PUBLIC ADVOCATE, Representative John A. Cashman and
Representative Joseph W. Mayo, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
U.S. Sprint Communications Company, et al., and
New York State Public Service Commission, et al., Intervenors.
VERMONT DEPARTMENT OF PUBLIC SERVICE and Vermont Public
Service Board, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
American Telephone and Telegraph Company, Intervenor.
 Nos. 87-1213, 87-1399.
 United States Court of Appeals,
First Circuit.
 Sept. 14, 1987.
 
 John E. Ingle, Deputy Associate Gen. Counsel, Linda L. Oliver, Washington, D.C., F.C.C., Francine J. Berry, New York City, Judy Sello, Basking Ridge, N.J., David W. Carpenter, Chicago, Ill., Cynthia A. Gray, and Sidley & Austin, Washington, D.C., on motion to dismiss for F.C.C. and American Tel. and Tel. Co.
 William C. Black, Acting Public Advocate, Augusta, Me., Crombie Garrett, Asst. Atty. Gen., Samuel H. Press, Washington, D.C., Director for Public Advocacy, and Joel B. Shifman, Gen. Counsel, Charleston, W.V., on opposition to motion to dismiss.
 Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 Respondent Federal Communications Commission has moved to dismiss for lack of jurisdiction the instant petitions for review of an F.C.C. order allowing certain tariff revisions to become effective and denying requests that the F.C.C. reject or suspend and investigate those tariff revisions. Intervenor American Telephone and Telegraph Co. ("AT & T") has joined in the motion to dismiss. Upon consideration, we grant the motion.
 
 
 2
 In an order released January 29, 1987, the F.C.C. affirmed an order of its Common Carrier Bureau allowing certain tariff revisions filed by AT & T to become effective without suspension or investigation. In so doing the F.C.C. approved the Bureau's decision to deny petitions filed by a number of parties--including petitioners to this court--arguing that the revisions were unlawful and urging that they be rejected or suspended pending investigation. The tariff revisions in question modified AT & T's long-distance telephone rates so that the interstate portion of AT & T's gross receipts tax expenses would be recovered in the interstate rates charged to customers in each state that imposes gross receipts taxes on AT & T. Petitioners seek review in this court of the F.C.C. order.
 
 
 3
 It is well-settled that agency orders declining to reject or to suspend and investigate tariff revisions, and permitting those tariff revisions to take effect, are not ordinarily subject to judicial review. Southern Railway Co. v. Seaboard Allied Milling Corp., 442 U.S. 444, 99 S.Ct. 2388, 60 L.Ed.2d 1017 (1979) (Interstate Commerce Commission); Direct Marketing Association, Inc. v. F.C.C., 772 F.2d 966 (D.C.Cir.1985) (F.C.C.); American Broadcasting Companies, Inc. v. F.C.C., 682 F.2d 25 (2d Cir.1982) (F.C.C.); American Broadcasting Companies, Inc. v. F.C.C., 662 F.2d 155 (2d Cir.1981) (F.C.C.); Aeronautical Radio, Inc. v. F.C.C., 642 F.2d 1221 (D.C.Cir.1980), cert. denied, 451 U.S. 920, 976, 101 S.Ct. 1998, 68 L.Ed.2d 311 (1981) (F.C.C.); Papago Tribal Utility Authority v. F.E.R.C., 628 F.2d 235 (D.C.Cir.), cert. denied, 449 U.S. 1061, 101 S.Ct. 784, 66 L.Ed.2d 604 (1980) (F.E.R.C.). Such orders are unreviewable because they do not determine the ultimate lawfulness of the filed tariffs. A party aggrieved by the tariff may avail itself of the complaint procedure established by 47 U.S.C. Sec. 208 to challenge the tariff's lawfulness and ultimately obtain a final and reviewable determination. American Broadcasting Companies, Inc., supra, 662 F.2d at 158-59; Aeronautical Radio, Inc., supra, 642 F.2d at 1234-35. In addition, 47 U.S.C. Sec. 204 provides that the F.C.C. "may" suspend the effectiveness of new or revised tariffs and "may" initiate an investigation into them. Accordingly, the agency's decision whether or not to do so is unreviewable because it is committed to the exclusive discretion of the agency. American Broadcasting Companies, Inc., supra, 662 F.2d at 157; Aeronautical Radio, Inc., supra, 642 F.2d at 1234-35.
 
 
 4
 Petitioners assert that, despite the clear dictate of the above-cited precedents, the F.C.C. order appealed from should be treated as a final order because it amounted to a decision on the merits of petitioners' claims that the tariff revisions were unlawful. However, nothing in petitioners' opposition suffices to suggest that the order may constitute a final determination of that issue. The F.C.C. considered evidence and issued a fully-elaborated decision to the effect that the tariff revisions "are not patently unlawful" and need not be rejected or suspended pending investigation. While we do not doubt that that determination finally concluded the question before the F.C.C.--rejection or suspension of the tariff revisions--petitioners remain free to file a complaint under Sec. 208 to challenge the lawfulness of the tariffs and obtain an appealable final order. If, as petitioners claim, the F.C.C. order does not specifically invite petitioners to file a Sec. 208 complaint regarding the flow-through of gross receipts taxes--but does invite a complaint as to other types of taxes--that circumstance does not detract from petitioners' statutory right under Sec. 208 to file a complaint as to gross receipts taxes. Petitioners' asserted concerns that any Sec. 208 complaint proceeding will not be expeditious, and will be "unlikely to result in a different decision and may be a futile and time-consuming exercise," do not transform the order appealed from into a final appealable order. We cannot presume that in a complaint proceeding the agency will not reach a different result.
 
 
 5
 Finally, petitioners argue that the F.C.C. order comes within an exception to the rule that nonfinal agency orders are not reviewable. Petitioners rely on the D.C. Circuit's statement in Papago Tribal Utility Authority, supra, 628 F.2d at 240, that "[o]nly when parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of the [complaint] proceeding, might they be entitled to immediate review of a nonfinal order." Petitioners contend that if AT & T is permitted to "flow-through" gross receipts taxes into the interstate rates charged to customers in states such as Maine and Vermont that impose such taxes, this will result in higher interstate telephone expenses for users in those states as compared to users in states that do not levy gross receipts taxes on AT & T. As a result, petitioners fear, businesses with substantial interstate telephone use may be driven to relocate in states which have no gross receipts tax, and new or out-of-state businesses may be dissuaded from locating in Maine or Vermont.
 
 
 6
 Assuming without deciding that the prospect of significant irreparable injury to petitioners pending completion of a Sec. 208 complaint proceeding could warrant immediate judicial review, petitioners have fallen far short of demonstrating such a prospect. If petitioners prevail in a Sec. 208 complaint proceeding, the F.C.C. can order refunds for rates found to have been unlawfully charged. 47 U.S.C. Secs. 208-09. While the F.C.C. cannot undo business location decisions, the allegation that such decisions will be significantly affected by disparities in interstate telephone rates between states with gross receipts taxes and states without them is too speculative to support a finding of significant irreparable injury. We presume that comparative interstate telephone rates constitute only one of many, many cost and other considerations that might influence business location decisions.
 
 
 7
 The motion to dismiss is granted. The instant petitions for review are dismissed for lack of jurisdiction. 1st Cir.R. 27.1. So ordered.